■ In the Matter of ROGER DI NUCCI, JR., Respondent, v. NEW YORK STATE TEACHERS' RETIREMENT SYSTEM et al., Appellants.— Appeal from a judgment of the Supreme Court at Special Term, entered August 18, 1971 in Albany County, which granted petitioner's application, in a proceeding under CPLR article 78, to vacate the determination of respondents rescinding retirement credit for two years and seven months of military service on the ground that petitioner was not entitled to such credit. On or about January 12, 1943, petitioner, then a public school teacher under contract until July 1, 1943 with the Board of Education of Middleburgh, New York, became a member of the United States Navy. By letter dated February 6, 1943, he advised the respondent, New York State Teachers' Retirement System, of his military service and of his election to make monthly payments to the retirement system, and of the agreement of said Board of Education to contribute until the close of the contract year. Petitioner made his contributions through July 1, 1943 but did not take advantage of his option to contribute the total of his contribution and what would normally be contributed by an employer during the remainder of his military service. Petitioner was discharged from the military service in the month of October, 1945 and did not return to teaching in a public school until September, 1947. Thereafter, he was advised that he could purchase the credit for the period of his military service and, in March, 1948, he paid to respondent, New York State Retirement System, the sum of $168, and was credited with his time in military service. By letter dated November 19, 1970, petitioner was advised that his credit for military service was being rescinded on the ground that since he did not return to teaching immediately following his discharge from military service, the System had no authority to grant the credit and, therefore, pursuant to section 525 of the Education Law, the System was correcting the error. The System tendered a check in the amount of $546.67 representing his total contributions to the System, plus interest, for his period of military service and deducted two years' and six months' credit. Petitioner returned

the check and requested reconsideration of the determination and, on February 19, 1971, was advised that the determination was final. Petitioner then brought this proceeding seeking restoration of his credit for time in military service. Special Term determined that since the respondents had granted petitioner's request for military time credit with full knowledge of all the facts in 1948, there was no fraud and respondents could not, therefore, correct an error under section 525 of the Education Law in the absence of fraud. Respondents contend that the System, having discovered that it erred in permitting petitioner to purchase military time credit, has the authority under section 525 to correct such error. We view the issue in this case as not being whether the System has the authority to correct errors pursuant to section 525, but rather whether the System has properly interpreted section 243 of the Military Law which, insofar as it is pertinent, provides as follows: "1. * * * (b) The term 'military duty' shall mean military service in the military, naval, aviation or marine service of the United States subsequent to July first, nineteen hundred forty * * *. It shall include time spent in reporting for and returning from military duty and shall be deemed to commence when the public employee leaves his position and to end when he is reinstated to his position, provided such reinstatement is within ninety days after termination of military duty, as hereinafter defined. * * * 4. Pensions. * * * A member of the New York state teachers' retirement system, whose service terminates on the expiration of his contract, and for whom there is no employer to cover the cost of his accruing pension rights while in military service folowing the cessation of his contract, may pay in addition to his own contributions, an amount equal to the percentage of his salary which his employer would have paid had he remained under contract * * *. Such contributions or any parts thereof may be paid at anytime and from time to time while in military duty or within five years after the member has returned to public school teaching in New York state". In arriving at a decision as to whether a member of the System is entitled to military service credit, the above sections must be read and construed together. Thus, in the light of subdivision 4 of section 243 above, the provisions of paragraph (b) of subdivision 1 which provides for a possible additional 90 days credit when an employee is reinstated to his position within 90 days of the termination of his military duties, do not require that an employee immediately return to his prior position. Such a strained construction was never intended by the Legislature and this is made clear by subdivision 4 which concerns itself, in part, with teachers whose service terminates on the expiration of their contracts and which provides for their making contributions within five years after the member has returned to public school teaching in New York. There is no time limitation provided in subdivision 4 for obtaining a new teaching contract, or returning to public school teaching other than the cut-off for making contributions of December 31, 1962. Further, a teacher with no contract could not be expected to return to teaching within 90 days after discharge from military service if he were discharged in October, as was the petitioner, and there were no positions available at that time. Obviously, it might be necessary for him to await the end of the school year before he could obtain a new contract under which he could return to teaching the next September. This the Legislature obviously recognized. (Education Law, § 503, subd. [6], par. [a].) Thus, the 90-day provision of paragraph (b) of subdivision 1 which, in effect, extended the term of military service from the date of discharge to the date of reinstatement, where reinstatement was within 90 days, must be construed as merely a grant by the

Legislature of bonus days to encourage early return to service and may not be construed as terminating the rights to military time credit of those members of the military service who did not return to public service within 90 days. Such a construction is contrary to the purpose, policy and intent of the Legislature in enacting section 243 of the Military Law. The System properly construed section 243 and permitted petitioner to purchase his credit in 1948 and erroneously determined in 1970 that it had made an error in 1948 which it had to correct. On this basis, the judgment of Special Term must be affirmed. Judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.